IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| DIRK B. VOOKMER,<br>　　　　Plaintiff,<br><br>vs.<br><br>SCOULER INTERNATIONAL SALES CORP., a Nebraska Corporation; JAY SCHUSTER, individually and in his official capacity;<br>　　　　Defendants. | CASE NO: _____<br><br>**COMPLAINT AND<br>JURY DEMAND** |

## NATURE OF THE ACTION

1.　　This is an action under Title I of the Americans with Disabilities Act of 1990, Title I of the Civil Rights Act of 1991, the Nebraska Fair Employment Practices Act, to correct and remedy unlawful employment practices on the basis of disability and to make whole and compensate DIRK B. VOOKMER ("VOOKMER"). The Defendants discharged Vookmer, a qualified individual with a disability, from his position with the Defendant, because of his disability or his perceived disability.

## PARTIES

2.　　Plaintiff Dirk Vookmer is an adult individual and a citizen of the United States of America currently residing at 2404 N. 8th Street, Lot 40, Red Oak, Iowa, 51566, and at all relevant times, he was an "employee" of Defendant, within the meaning of 42 U.S.C. 126, §12111.

3.　　Defendant Scouler International Sales Corporation, ("Scoular") is a Nebraska Corporation with its principal place of business at 2027 Dodge Street, Omaha,

Nebraska; Scoular is an employer and a covered entity within the meaning of 42 U.S.C. 126, §12111.

4. Defendant Jay Schuster ("Schuster") is an individual residing in the State of Iowa. At all times relevant hereto Schuster was employed by Scoular as General Manager of Western Iowa Facilities. Schuster was Plaintiff's direct supervisor during all times relevant hereto and was, at all times, acting within the scope of his employment.

5. Defendant Scoular is a successor in interest to Hancock corporation within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and 42 U.S.C. 126, §12101, et seq.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1332 and 1343.  This action is authorized and instituted pursuant to §107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(F)(1) and (3), and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. Venue is proper within this District pursuant to 42 U.S.C. §12101, and 28 U.S.C. §1391.

7. At all relevant times, Defendant Scoular,  was a business entity doing business in the United States of America and in the State of Nebraska and, at all times pertinent hereto, was an "employer" within the meaning of 29 U.S.C. § 630, engaged in an industry affecting interstate commerce, and did and does now employ more than fifteen (15) employees.

8. At all relevant times Defendant Scoular has employed more than 25 employees and otherwise met the jurisdictional prerequisites of the Title VII of the Civil Rights Act of 1964 as adopted by the Americans with Disabilities Act.

9. Al all relevant times, Defendant Scoular has been a covered entity under §101(2) of the ADA, 42 U.S.C. §12111(2).

10. At all relevant times Defendant Scoular has employed more than 15 employees and otherwise met the jurisdictional prerequisites of the Nebraska Fair Employment Practices Act.

11. Plaintiff filed his Complaint with the Nebraska Equal Opportunity Commission ("NEOC") which complaint number is NEB 1-08/09-9-39545-R and which was dually filed with the Equal Employment Opportunity Commission ("EEOC") at complaint number 32E-2008-00815. On November 17, 2009 the Equal Opportunity Commission issued a Notice of Right to Sue on the above complaints. This action is filed within 90 days of said notice.

12. Through the NEOC's investigation, that state agency found in Plaintiff's favor, finding reasonable cause for a determination the Defendant Scoular terminated Plaintiff on the basis of a perceived disability.

13. Plaintiff has exhausted his administrative remedies and has otherwise satisfied all prerequisites to filing this suit.

## GENERAL ALLAGATIONS

14. Plaintiff was hired by Defendant's predecessor on or about June 1998 as a laborer. At all times relevant hereto Plaintiff performed his job within the legitimate expectations of his employer.

15. During his tenure, Plaintiff received regular promotions and increases in pay.

16. At all times relevant hereto Jay Schuster was an agent of Defendant and was acting within the scope of his employment.

17. On or about June 16, 2008 Defendant Scoular succeeded Hancock as Plaintiff's employer.

18. Plaintiff suffers from Multiple Sclerosis and is treated for same using prescription medications.

19. On or about July 2, 2008 Defendant Scoular required Plaintiff to undergo a mandatory physical.

20. As a result of the mandatory physical, Defendant Scoular discovered that Plaintiff was taking prescription medication for the treatment of Multiple Sclerosis.

21. Defendant Scoular informed Plaintiff, through Defendant Schuster, that Scoular was concerned about Plaintiff's medications.

22. No Defendant inquired of Plaintiff as to any side effects of Plaintiff's medications.

23. The independent medical examiner ("IME") conducting the physical did not question Plaintiff about how long he had been taking the medications.

24. The IME provided no information to Defendants as to what, if any, medications were of concern.

25. Defendants failed to consider Plaintiff's more than ten years of successful performance.

26. Defendants made no efforts to determine any actual risk or likelihood of harm to Defendants, Plaintiffs, or third parties by way of Plaintiff's continued employment.

27. Plaintiff is a person with a qualified disability within the meaning of the ADA and NFEPA; in the alternative, Defendants perceived Plaintiff as disabled.

28. Defendants terminated Plaintiff on July 10, 2008 on the basis of his disability or perceived disability.

COUNT I—ADA

29. Plaintiff incorporates by reference the allegation contained in paragraphs 1 through 28, inclusive and re-alleges same as if separately pled herein.

30. By the conduct described in paragraphs 1 through 28, inclusive Defendants and each Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his disability or perceived disability in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq. which incorporates by reference §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

31. Plaintiff has been damaged by Defendants' actions and is entitled to relief as set forth in his Prayer for Relief.

COUNT II—NFEPA

32. Plaintiff incorporates by reference the allegation contained in paragraphs 1 through 24, inclusive and re-alleges same as if separately pled herein.

33. By the conduct described in paragraphs 1 through 24, inclusive Defendants and each Defendant engaged in unlawful employment practices in violation of NFEPA, Neb.Rev.Stat. §48-1101, et seq.

34. Plaintiff has been damaged by Defendants' actions and is entitled to relief as set forth in her Prayer for Relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dirk B. Vookmer prays for the following relief:

A. That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by the Americans with Disabilities Act of 1990, Title I of the Civil Rights Act of 1991, and the Nebraska Fair Employment Practices Act,

B. That the Court permanently enjoin the Defendants, their owners, operators, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights as secured by the Americans with Disabilities Act of 1990, Title I of the Civil Rights Act of 1991, and the Nebraska Fair Employment Practices Act;

C. That the Court award Plaintiff compensatory damages;

D. That the Court award Plaintiff punitive damages;

E. That the Court order the Defendants to make Plaintiff whole by providing him appropriate lost earnings and benefits with pre-judgment interest;

F. That the Court award Plaintiff attorney's fees and costs incurred in prosecuting this action; and

G.  That the Court award Plaintiff such other and further relief as it deems just and proper.

JURY TRIAL DEMANDED

The Plaintiff demands a jury trial on all issues raised by the Complaint.

Respectfully submitted,

DIRK B. VOOKMER, Plaintiff.

By:  /s Aaron F. Smeall
Aaron F. Smeall, #22756
Aaron F. Smeall, P.C., L.L.O.
444 Regency Pkwy Drive, Suite 203
Omaha, NE 68114
(402) 216-0216
(402) 216-0250 fax
ATTORNEY FOR DEFENDANT